IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel. CRAIG JACKSON, | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) | |
| | ) | No. 07 C 546 |
| v. | ) ) | Judge Ronald A. Guzmán |
| JOHN CHAMBERS, | ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Craig Jackson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## Discussion

On March 9, 2000, petitioner was found guilty of first degree murder on the theory of accountability following a state court bench trial and was sentenced to a term of twenty years of imprisonment. (*See* Pet. at 1; Gov't Ex. D, *People v. Jackson*, No. 1-00-2349 at 1 (Ill. App. Ct. Aug. 21, 2002).) His co-defendant, who delivered most of the blows during the fatal beating with which the two defendants were charged, was simultaneously tried by a jury and acquitted. (Gov't Ex. D, *People v. Jackson*, No. 1-00-2349 at 1, 3-4 (Ill. App. Ct. Aug. 21, 2002).)

Petitioner, who has exhausted his state court remedies,[1] now seeks habeas relief, claiming that he was: (1) not proven guilty beyond a reasonable doubt; and (2) denied his Sixth Amendment right of confrontation with respect to statements made by his co-defendant, which the trial court relied on to find petitioner guilty.

## Discussion

Petitioner is entitled to a writ of habeas corpus only if he demonstrates that the state court's decision was "contrary to ... clearly established Federal law," involved "an unreasonable application of" that law, or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). A decision is "contrary to" clearly established federal law if it "contradicts the governing law of the U.S. Supreme Court" or "on a set of facts materially indistinguishable from those at issue in the applicable Supreme Court precedent, reache[s] a different result." *Ward v. Sternes*, 334 F.3d 696, 703 (7th Cir. 2003). A state court unreasonably applies federal law if it "correctly identifie[s] the governing Supreme Court precedent, but unreasonably applie[s] it to the unique facts of the prisoner's case." *Id.* A decision is based on an unreasonable determination of the facts, "[i]f the petitioner can show that the state court determined the underlying factual issue against the clear and convincing weight of the evidence." *Id.*

Petitioner's first claim is that his murder conviction is infirm because there was insufficient evidence that he intended to facilitate the deadly beating, one of the elements of murder by accountability. According to the Supreme Court, petitioner is entitled to relief on this claim only if,

---

[1]The Court assumes from the government's failure to argue that petitioner has failed to exhaust or procedurally defaulted his claims that all procedural prerequisites have been satisfied.

2

based on "the record evidence adduced at the trial[,] no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The state appellate court did not cite *Jackson*, but the record shows that it correctly identified that standard as the one governing plaintiff's insufficient evidence claim. (*See* Gov't Ex. D, *People v. Jackson*, No. 1-00-2349 at 9 (Ill. App. Ct. Aug. 21, 2002).)

The next question is whether the court unreasonably applied that standard to the facts of petitioner's case. As the state court noted, petitioner could be found guilty of murder on an accountability theory only if the State established beyond a reasonable doubt that "(1) the defendant solicited, aided, abetted, agreed, or attempted to aid another in the planning or commission of the offense; (2) the defendant's participation occurred before or during the commission of the crime; and (3) the defendant had the concurrent intent to promote or facilitate the commission of the offense." (*Id.* at 10); *see* 720 Ill. Comp. Stat. § 5/5-2(c) (setting forth requirements for guilt by accountability). Proof of a premeditated plan was not essential to proving the third element, the court said. (Gov't Ex. D, *People v. Jackson*, No. 1-00-2349 at 11 (Ill. App. Ct. Aug. 21, 2002).) Rather, proof beyond a reasonable doubt that the accused was involved "in the spontaneous acts of the group" would suffice. (*Id.* (quotation omitted).)

The court said the following evidence was adduced at trial with respect to the third element: (1) Jeremy Thomas, a friend of petitioner, testified that petitioner and a man named Smith visited him on the day of the attack, petitioner told Thomas that the victim was in the area, and borrowed a wooden baseball bat from Thomas (*id.* at 3, 10-11); (2) Smith testified that he saw Thomas give petitioner a bat, saw petitioner's co-defendant start a fist fight with the victim, saw petitioner emerge from some bushes and hit the victim once in the back of the neck, saw his co-defendant take the bat

3

from petitioner and hit the victim several times with it, and was later told by petitioner not to say anything about what had happened (*id.* at 3-4, 11); and (3) petitioner told the police that he had asked Thomas "for a stick," told his co-defendant that the victim was in the area, was given the bat by his co-defendant, and was told by his co-defendant to hide in the bushes (*id.* at 11-12).

The court concluded that those facts were sufficient to enable a rational trier of fact to find beyond a reasonable doubt that petitioner had the intent to promote or facilitate the commission of the offense:

> [Petitioner] informed several of his friends that he saw the victim in the area and talked about "getting a stick." [Petitioner] armed himself with a bat and hid behind some bushes at [his] codefendant's instruction. [His] [c]odefendant confronted the victim and wrestled him to the ground. At that time, [petitioner] emerged from the bushes and hit the victim in the back of the neck. [His] [c]odefendant then took the bat from [petitioner] and struck the victim several times in the back of the head. Later, [petitioner] instructed Smith not to say anything about the incident. This evidence was sufficient to establish a common plan or design.

(*Id.* at 13.)

Petitioner says that conclusion is unreasonable because the panel of the state appellate court that heard his post-conviction petition said "there is conflicting evidence as to the reason [petitioner] had a bat that night, whether the victim was armed, whether [petitioner and his co-defendant] planned to attack the victim, and who was present at the beating." (Gov't Ex. K, *People v. Jackson*, No. 1-03-2902 at 6 (Ill. App. Ct. Nov. 23, 2005).)

There are two problems with this argument. First, though the post-conviction court noted that the trial judge had been presented with conflicting evidence, it did not question the judge's resolution of those conflicts. (*See id.* at 8-9.) Second, even if that court had expressed doubts about the facts found by the trial court, for the purposes of this proceeding those facts are presumed to be

4

correct unless rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has offered no evidence, let alone that which is clear and convincing, to rebut those facts.

In short, the state court reasonably applied the *Jackson* standard to the facts of petitioner's case. Petitioner is not, therefore, entitled to habeas relief on his claim that he was not proven guilty beyond a reasonable doubt of murder on the theory of accountability.

Petitioner's second claim is that his Sixth Amendment right to confrontation was violated when the trial judge considered his co-defendant's pretrial statements and the testimony he gave in his own defense to convict petitioner. Though the Sixth Amendment guarantees petitioner the right to cross-examine "the witnesses against him," *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974) (quotation omitted), it is clear from the record that his co-defendant was not a witness against petitioner. On the contrary, the trial court said it took great pains to separate the statements given by his co-defendant from the evidence offered against petitioner:

> I did indicate last week that I thought I could rule right after the evidence was in . . . , but I wanted a chance to weigh things. And I also wanted to make sure as is my duty, as is appropriate, that I separate in my mind any evidence that came in only as to [the co-defendant] and not to influence [sic] in any way my decision in this case.
>
> We know [the co-defendant] made a statement, hence the testimony about that before the jury and you know, that was his case and not this case for me to consider. And I have done that. . . . I felt it appropriate to step back, think of all the evidence and review my notes and as I said be certain that I didn't carry anything in the [co-defendant's] case that shouldn't be carried over to [petitioner's] case . . . .

(Pet., Ex. 2, Trial Tr. at J3.) Relying on the trial court's representations, the post-conviction court found that the co-defendant's statements played no part in petitioner's conviction. (Gov't Ex. K, *People v. Jackson*, No. 1-03-2902 at 8, 12 (Ill. App. Ct. Nov. 23, 2005).) In light of that finding, which petitioner has not rebutted, the post-conviction court's conclusion that petitioner's

5

confrontation right was not violated (*id.* at 14) is not an unreasonable application of federal law to petitioner's case.

## Conclusion

For the reasons set forth above, the Court denies the petition for a writ of habeas corpus [doc. no. 1]. This case is hereby terminated.

**SO ORDERED.**                                      ENTERED: 9/13/07

*/s/ Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States District Judge